UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM TYLER,

    Defendant.

_____/

Case No. 21-20744

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [78]**

The matter is before the Court on Defendant William Tyler's motion for reconsideration of the order denying his motion to withdraw a guilty plea entered in this matter. (ECF No. 78.) For the reasons below, the Court DENIES Defendant's motion.

**I.  Background**

On December 14, 2021, a grand jury returned an indictment charging Defendant with possession with the intent to distribute a controlled substance (fentanyl) in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 2), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3). (ECF No. 11.) In February and May 2022, Defendant filed motions to suppress certain evidence and statements. (ECF Nos. 22, 44.) But on July 18, 2022, Defendant withdrew those motions and pled guilty to Counts 1 and 2 of the indictment pursuant to a Rule 11 plea agreement. (ECF No. 51.) Prior to sentencing, on September 12, 2022, Defendant's counsel filed a motion to withdraw. (ECF No. 54.) That motion was granted during a hearing that took place on September 27, 2022. New counsel was appointed, and sentencing was

rescheduled. (ECF Nos. 59, 61, 66.) On February 17, 2023, Defendant filed a pro se motion to withdraw his guilty plea. (ECF No. 67.) His counsel later filed a supplemental memorandum in support of that motion. (ECF No. 71.) The government filed responses to both the pro se motion and counsel's memorandum. (ECF Nos. 68, 72.) The Court held a hearing on March 14, 2023, and ruling from the bench, denied Defendant's motion to withdraw his guilty plea. Sentencing is currently scheduled for April 18, 2023. A few days prior to the new sentencing date of April 18, on April 14, 2023, Defendant, through counsel, filed the present motion for reconsideration, which incorporates a pro se motion prepared by Defendant and attached as an exhibit. (ECF No. 78.)

## II.     Legal Standard

As Defendant notes, the Federal Rules of Criminal Procedure do not mention motions for reconsideration. However, the Supreme Court has recognized the ability of parties in criminal cases to file motions for reconsideration. *See United States v. Ibarra*, 502 U.S. 1, 6-7 (1991). "The Sixth Circuit has applied the Federal Rule of Civil Procedure 59(e) standard for motions to alter or amend to motions for reconsideration in criminal cases." *See United States v. Lewis*, No. 2:20-CR-0003(2), 2020 U.S. Dist. LEXIS 88198, at *2 (S.D. Ohio May 20, 2020). Rule 59(e) authorizes a party to move a court to alter or amend a judgment within 28 days after entry of the judgment. Rule 59(e) motions are generally granted only to: (1) accommodate an intervening change in controlling law; (2) account for new evidence not previously available; or (3) correct a clear error of law or prevent manifest injustice. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citation omitted).

Eastern District of Michigan Local Rule 7.1(h)(2) allows a party to file a motion for reconsideration of a non-final order within 14 days after entry of the order. Such motions are "disfavored" and may be brought only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2).

### III.     Analysis[1]

Defendant argues that relief is warranted to prevent manifest injustice. Defendant, however, is primarily rehashing arguments he previously made in support of the motion to withdraw his guilty plea. More specifically, he argues that his plea was induced by what he perceives as the prosecutor's improper threat of a sentencing enhancement as well as inaccurate advice from his prior counsel regarding the applicability of that enhancement and the chances he would prevail on his motions to suppress. A motion for reconsideration is "not the proper vehicle to relitigate issues previously considered." *See Nagle Indus.*, 175 F.R.D. at 255 (internal quotations and citation omitted). But even if the Court were to consider Defendant's arguments, he would not be entitled to relief.

When a defendant has voluntarily entered a guilty plea but seeks to have it withdrawn before sentence is imposed, Federal Rule of Criminal Procedure 11(d)(2)(B)

---

[1] To the extent Defendant brings this motion pursuant to Local Rule 7.1(h)(2), it is untimely. His motion was also filed beyond the 28 day time period set forth in Rule 59(e). The Court notes, however, that Defendant's pro se motion appears to have been sent within that time period. Regardless, the Court will address the motion on the merits.

permits withdrawal only where the defendant "can show a fair and just reason for requesting the withdrawal." The Sixth Circuit has set forth the following factors for district courts to consider when deciding a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (internal quotations and citation omitted).

The Court explicitly addressed several of these factors during the hearing on Defendant's motion and found that the balance of the factors weighs against allowing Defendant to withdraw his plea. For instance, there was a seven-month delay between the time Defendant entered his guilty plea and the time he filed his motion to withdraw. While new counsel was appointed during that time, the delay remains relevant. And importantly, Defendant does not claim innocence. Moreover, his educational background and history with the criminal justice system support the position that he understood the proceedings. There is also potential prejudice to the government if Defendant were allowed to withdraw his plea. The Court acknowledged Defendant's argument regarding the pressure he felt to enter a plea due to the possibility of a sentencing enhancement and his current belief that the enhancement would not apply but found that this did not change the knowing and voluntary nature of the plea.

Defendant cites to the case of *United States v. Sanders*, 59 F.4th 232 (6th Cir. 2023), as "new authority" but the opinion in that case was issued on February 6, 2023,

4

prior to the filing of his motion to withdraw his guilty plea. A motion for reconsideration is not designed to give parties the opportunity to raise new arguments "which could, and should, have been made" before the prior decision. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal quotations and citation omitted). Nor does *Sanders* constitute an intervening change in controlling law. The Sixth Circuit simply applied well-established legal principles to find an insufficient nexus between the criminal activity and the location that was searched in the underlying affidavit supporting the search warrant. *See Sanders*, 59 F.4th at 243. The issue of when a defendant may withdraw his guilty plea was not addressed by the court in that case. Because Defendant has not identified any basis for relief under Rule 59(e) or Local Rule 7.1(h)(2) or any other argument that would alter the Court's previous conclusion, the Court declines to reconsider its order denying his motion to withdraw his guilty plea.

## IV.    Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 18, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

5